**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:26-CV-321-JHM**

**ANTOYNE MAURICE PENICK** **PLAINTIFF**

**v.**

**OLDHAM COUNTY DETENTION CENTER, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antoyne Maurice Penick filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action with leave to file an amended complaint.

**I.**

Plaintiff, a federal pretrial detainee incarcerated at the Oldham County Detention Center ("OCDC"), initiated this civil-rights action against the OCDC and the United States Marshals Service ("USMS") for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. [DN 1].

Plaintiff alleges that on October 16, 2025, he reported and was seen by "medical" for a toothache. He represents that he was told he would be put on a dentist list. Plaintiff represents that on January 11, 2026, he filed a complaint, was given medicine, and was again told he would be put on a list to see a dentist. Plaintiff states that he was seen by medical on March 2, 2026, and was once again told he would be placed on the dentist list. Plaintiff represents that on April 15, 2026, he filed for a follow-up medical visit and informed medical that he had a tooth abscess causing blurred vision, swelling, and difficulty swallowing. According to Plaintiff, on April 28,

2026, Nurse Danielle gave him Tylenol and Ibuprofen. He represents that he is in severe pain. At the time he filed the complaint, Plaintiff alleges that he had not seen a dentist.

As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with

pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. OCDC**

OCDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Oldham County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against Defendant OCDC as claims brought against Oldham County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019). The Court will therefore dismiss the claims against OCDC for failure to state a claim for which relief can be granted.

**B. Oldham County**

"[A] municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality or county, such as Oldham County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that anyone violated his constitutional rights pursuant to a policy or custom of Oldham County. Accordingly, Plaintiff's claims against Oldham County must be dismissed for failure to state a claim upon which relief may be granted.

**C. United States Marshals Service**

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983; however, this statute provides relief against state and local officials for violations of constitutional rights. Jurisdiction predicated upon § 1983 cannot be sustained as against the USMS. *See Wheeldin v. Wheeler*, 373 U.S. 647 (1963); *Schwamborn v. Cnty. of Nassau*, No. 06-CV-6528 SJF/ARL, 2008 WL 4282607, at *4 (E.D.N.Y. Sept. 16, 2008). Since the USMS is a federal entity, the Court construes Plaintiff's claims as ones under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983. *See Bennett v. U.S. Marshal*, No. 4:22-CV-00022-

JHM, 2022 WL 2758542, at *2 (W.D. Ky. July 14, 2022) (citing *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("We review *Bivens* and § 1983 actions under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983.")).

"The United States Supreme Court has declined to extend *Bivens* liability to permit suit against a federal agency." *Watkins v. F.B.I.*, No. 3:13-CV-204-S, 2013 WL 3324065, at *2 (W.D. Ky. July 1, 2013) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Courts within the Sixth Circuit have applied this rule and dismissed suits specifically against the USMS. *Bennett*, 2022 WL 2758542, at *2; *Culliver v. Corr. Corp. of Am.*, No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000); *Mathis v. U.S. Marshal Serv.*, No. 2:11-cv-271, 2011 WL 1336575, at *2 (S.D. Ohio Apr. 5, 2011); *Briggs v. U.S. Marshals Serv.*, No. 04-2648, 2007 WL 1174261, at *2 (W.D. Tenn. Apr. 19, 2007); *see also LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) ("The only remedy available under *Bivens* is money damages from an individual federal employee."); *Olita v. United States*, No. 21-2763-JTF-TMP, 2022 WL 874179, at *1 (W.D. Tenn. Mar. 23, 2022) (same). Therefore, the Court will dismiss any claims against the USMS.

**D. Amended Complaint**

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave for Plaintiff to file an amended complaint against the individual officers or medical staff involved in the alleged unconstitutional conduct. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."); *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

If Plaintiff decides to file an amended complaint, he should sue the individual officers or medical staff who were allegedly involved in the incident or conduct in their individual capacity and explain how each person violated his rights.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **October 22, 2026**.

The **Clerk of Court is DIRECTED** to place this case number and the words "Amended Complaint" on a § 1983 complaint form and send it to Plaintiff for his use should he choose to file an amended complaint.

Date: September 24, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014