**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:26-CV-321-JHM**

**ANTOYNE MAURICE PENICK** **PLAINTIFF**

**v.**

**OLDHAM COUNTY DETENTION CENTER, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antoyne Maurice Penick filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. [DN 1]. After reviewing the complaint [DN 1] pursuant to 28 U.S.C. § 1915A, the Court dismissed this action without prejudice with leave to amend for Plaintiff to identify the specific individuals who he alleges violated his constitutional rights and to describe the actions taken by each. Plaintiff has now filed an amended complaint. [DN 12]. The Court construes the amended complaint as a motion to reopen the action.

Upon review, **IT IS ORDERED** that Plaintiff's motion to reopen [DN 12] is **GRANTED** and the Court's Order of dismissal of the action [DN 11] is **VACATED**. The claims against Oldham County Detention Center ("OCDC") and the United States Marshal Service remain dismissed and are terminated pursuant to the Court's September 24, 2026, Memorandum Opinion and Order. [DN 10]. The Court **DIRECTS** the Clerk of Court to reinstate this action to the Court's active docket. The amended complaint is now before the Court for initial review pursuant to 28 U.S.C. § 1915A.

**I.**

Plaintiff, a federal pretrial detainee incarcerated at the OCDC, filed an amended complaint against Oldham County, OCDC Jailer Jeff Tindell, and Southern Health Partners for deliberate

indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. [DN 12].

Plaintiff alleges that on October 16, 2025, he reported and was seen by a Southern Health Partners employee for a toothache. He represents that he was told he would be put on a dentist list. Plaintiff represents that on January 11, 2026, he filed a complaint, was given medicine, and was again told he would be put on a list to see a dentist. Plaintiff states that he was seen by medical on March 2, 2026, and was once again told he would be placed on the dentist list. Plaintiff represents that on April 15, 2026, he filed for a follow-up medical visit and informed medical that he had a tooth abscess causing blurred vision, swelling, and difficulty swallowing. According to Plaintiff, on April 28, 2026, Nurse Danielle gave him Tylenol and Ibuprofen. He represents that he is in severe pain. At the time he filed his amended complaint, Plaintiff alleges that he had not seen a dentist. [DN 12].

Plaintiff further alleges that Oldham County and Jailer Tindall failed to provide him proper medical treatment while housing him in the OCDC because they "failed to provide emergency treatment for abscess tooth." [*Id.*].

As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Oldham County and Southern Health Partners**

"[A] municipality cannot be held liable solely because it employs a tortfeasor." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). When a § 1983 claim is made against a municipality or county, such as Oldham County, or private corporation, such as Southern Health Partners,[1] the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Here, Plaintiff does not allege that the staff of OCDC or Southern Health Partners denied him medical treatment based on a policy or custom of Oldham County or Southern Health Partners.

[1] The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Southern Health Partners. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *see also Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM, 2022 WL 13973775, at *2 (W.D. Ky. Oct. 21, 2022).

Accordingly, Plaintiff's claims against Oldham County and Southern Health Partners must be dismissed for failure to state a claim upon which relief may be granted.

**B. Jailer Tindall**

Because the complaint sets forth no specific allegations against Defendant Tindall, the Court assumes that Plaintiff seeks to hold him liable in his supervisory role as jailer. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, because Plaintiff's claim against Defendant Tindall is not based on any active unconstitutional conduct, the Court concludes that Plaintiff's individual-capacity claims against him must be dismissed for failure to state a claim upon which relief may be granted.

**C. Second Amended Complaint**

Nevertheless, prior to dismissing this action again, the Court will give Plaintiff one final opportunity to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal" on initial review under the analogous standard of 28 U.S.C. § 1915A.). In the second amended complaint, Plaintiff shall name as Defendants the individuals at OCDC or Southern Health Partners, *i.e.* the correctional officer or nurse, who allegedly violated

his rights by failing to provide requested medical care, describe the actions allegedly taken by *each* Defendant, and sue each Defendant in his/her *individual capacity*. The Court will conduct an initial review of the second amended complaint.

**IV.**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's claims against Oldham County, Jailer Tindall, and Southern Health Partners are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **no later than November 30, 2026, Plaintiff may file a second amended complaint. If Plaintiff fails to timely file a second amended complaint, the Court will enter an Order dismissing this action for the reasons stated herein.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Second Amended Complaint" and this case number written in the caption.

Date: October 30, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014